Argued and submitted May 13, reversed and remanded for
entry of a new judgment and resentencing July 27,
reconsideration granted; former opinion adhered to
as modified (54 Or App 64, 633 P2d 1321) September 28, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## JEFFREY SHANE WASHBURN,
*Appellant.*

## (No. J80-1549, CA 19532)

631 P2d 827

Marilyn C. McManus, Deputy Public Defender, Salem,
argued the cause for appellant. With her on the brief was
Gary D. Babcock, Public Defender, Salem.

Patrick J. Stimac, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

■  Defendant was convicted of criminal mischief in the first degree, ORS 164.365, a Class C felony, for stripping bark from 28 chittamwood (cascara buckthorn) trees. Defendant admits the attack on the trees; he claims the state failed to prove that damages exceeded $200. We agree and reverse and remand for resentencing.

The parties portray the issue on appeal as the proper manner for measuring the damage. ORS 164.365 provides that:

"(1)   A person commits the crime of criminal mischief in the first degree who, with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right, damages or destroys property of another:

"(a)   In an amount exceeding $200."

ORS 164.115 states:

"For the purposes of Chapter 743, Oregon Laws 1971, the value of property shall be ascertained as follows:

"(1)   Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot reasonably be ascertained, the cost of replacement of the property within a reasonable time after the crime.

"* * * * *

"(3)   When the value of the property cannot reasonably be ascertained, it shall be presumed to be an amount less than $200."

The criminal mischief portions of ORS ch 164 were enacted as Oregon Laws 1971, ch 743, § 145-147. The state argues that ORS 164.115(1) provides the proper criterion for calculating the value of the damage done by defendant, and that that criterion is the market value of the trees. Defendant argues that the chittamwood trees are valued only for their ornamental qualities and that, therefore, the proper measure of damages is the diminution in value of the land upon which the trees were situated, citing *United States v. Firchau,* 234 Or 241, 248, 380 P2d 800 (1963); *Moss v. People's California Hydro-Electric Corp.,* 134 Or 227, 231, 293 P 606 (1930). The chittamwoods here were apparently wild trees growing along with other vegetation on 34 acres of semi-wild pastureland. Both parties agree

that no evidence was offered on diminution in value of the land.[1]

It is unnecessary to decide which measure of damages is appropriate, because the state chose to charge that the defendant "did unlawfully and intentionally damage Chitum trees." The only question, therefore, is whether the state's evidence was sufficient to show that the damage to the "property," i.e., the trees, exceeded $200. We find it was not. The only testimony as to damage came from the property owner. His first statement to police was that it looked like "about a $1,000 worth of damage"; he testified at trial that he could not put a monetary value on the trees but said he sold the bark from the damaged trees for $284. The roots of this figure are somewhat obscure.

The owner testified that the bark defendant had stripped from the 28 trees and left behind was collected in 33 sacks weighing approximately 30 pounds each. He said that by finishing the stripping of the 18 most damaged trees, he recovered an additional eight bags of bark for a total of 1230 pounds of "wet" bark. He testified wet bark sold for 15 cents a pound. The market value of the 41 bags of wet bark from the damaged trees was thus $184.50. The owner also testified, however, that at the time of the incident "dry" chittam bark sold for 40 cents a pound. He said that ten pounds of wet bark yielded about 5 1/2 pounds of dry bark. This makes the 41 bags worth $270 dry. The owner also testified he stripped and sold as dry bark the bark from at least one undamaged tree, which yielded 75 pounds of wet bark. All of this went only to a matter not in issue.

The evidence was thus inadequate on the critical point — whether damage *to the trees* could fairly be established at more or less than $200. This is not a situation in which there was conflicting evidence as to damage given by

---

[1] There is no evidence as to the type of tree a chittamwood is, or of the owner's purpose in maintaining these trees on his land. He said he knew of no use for them except to sell the bark to a feed store and the wood for firewood. If the trees were raised for harvesting of bark and wood, then they were more properly a growing crop and the measure of civil damage is the difference between the value recovered and the value the tree would have had when harvested at maturity. *Meyer v. Harvey Aluminum,* 263 Or 487, 501 P2d 795 (1972); *Cf. Cross et ux v. Harris,* 230 Or 398, 406, 370 P2d 703 (1972).

different witnesses. All the evidence as to damage came from one person, the property owner, and it failed to provide a basis on which a jury could find an essential element of the crime to have been established beyond a reasonable doubt. It was therefore insufficient for a conviction of criminal mischief in the first degree. *Jackson v. Virginia,* 443 US 307, 319, 99 S Ct 2781, 61 L Ed 2d 560 (1979); *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980).

■ ■ We may, however, direct a judgment for a lesser included offense if we are able to determine from the record that such a judgment should have been entered. Or Const Amended Art. VII, § 3; *State v. Capwell,* 52 Or App 43, 47, 627 P2d 905 (1981). Criminal mischief in the third degree, ORS 164.345, makes it a Class C misdemeanor to, without legal right, "tamper or interfere with property of another." We find the state has proven the elements of criminal mischief in the third degree beyond a reasonable doubt, and entry of a judgment for that offense is appropriate.[2]

Reversed and remanded for entry of a new judgment and resentencing.

---

[2] The evidence also does not support a conviction of criminal mischief in the second degree, ORS 164.354, because damage in the amount of $100 was not established.