Argued and submitted August 24, reversed and remanded for entry of new judgment
and for resentencing November 9, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# DANIEL JAY CANNON and
# CLINTON W. BARKER,
*Appellants.*

## (7139, 7140; CA A26942)

671 P2d 761

Carla D. Thompson, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Defendants were convicted in a bench trial of criminal mischief in the first degree, ORS 164.365, a Class C felony, for shooting at and breaking insulators on power lines belonging to the Bonneville Power Administration. The only issue presented on appeal is whether the Bonneville Power Administration comes within the definition of a public utility under ORS 757.005(1)(a), which is incorporated by reference in ORS 164.365(1)(d).[1] ORS 757.005(1)(a) defines a "public utility" as:

> "Any corporation, company, individual, association of individuals, or its lessees, trustees or receivers, that owns, operates, manages or controls all or a part of any plant or equipment in this state for the conveyance of telephone messages, with or without wires, for the transportation of persons or property by street railroads or other street transportation as common carriers, or for the production, transmission, delivery or furnishing of heat, light, water or power, directly or indirectly to or for the public, whether or not such plant or equipment or part thereof is wholly within any town or city."

It is apparent that the legislature did not use the term "public utility" in its generic sense in defining criminal mischief in the first degree. Rather, it specifically incorporated the definition used in the chapter of the code defining

---

[1] ORS 164.365 provides, in pertinent part:

"(1) A person commits the crime of criminal mischief in the first degree who, with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right, damages or destroys property of another:

"* * * * *

"(d) Which is the property of a public utility, railroad, or public transportation facility used in direct service to the public, or who wilfully uses, manipulates, arranges or rearranges the property of a public utility, railroad, or public transportation facility used in direct service to the public so as to interfere with its efficiency, or who wilfully interferes with, obstructs or adulterates in any manner the service of such public utility, railroad, or public transportation facility.

"(2) As used in paragraph (d) of subsection (1) of this section:

"(a) 'Public utility' has the meaning provided for that term in ORS 757.005(1) and includes any cooperative, public utility district or other municipal corporation providing an electric, gas, water, communication or other utility service."

that term for the purposes of state public utility regulation. The reason for the legislature's having done so is not our concern. Whatever the reason, it is clear that the Bonneville Power Administration is a federal agency and not a corporation, company, or individual within the meaning of ORS 757.005(1)(a). Accordingly, we conclude that defendants could not have been convicted of criminal mischief in the first degree for destroying insulators belonging to a public utility, as defined in ORS 164.365(1)(d).

██  We may, nevertheless, direct a judgment for a lesser included offense if we are able to determine from the record that such a judgment should have been entered. Or Const, Art VII (Amended) § 3; *State v. Washburn,* 53 Or App 258, 631 P2d 827, *modified* 54 Or App 64, 633 P2d 1321 (1981); *State v. Capwell,* 52 Or App 43, 47, 627 P2d 905 (1981). Defendants are guilty of criminal mischief in the second degree, ORS 164.354, a Class A misdemeanor, if, without legal right, they intentionally damaged the property of another or recklessly damaged the property of another in an amount exceeding $100. Here, the state has proven the elements of criminal mischief in the second degree beyond a reasonable doubt. There is no need for a new trial; the appropriate remedy is to direct entry of a judgment for that offense.

Reversed and remanded for entry of new judgment and for resentencing.

**ROSSMAN, J.,** dissenting.

I must dissent because I find it inconceivable that the biggest producer of public power in this part of the world is not a "public utility." Perhaps a technical reading of ORS 757.005(1)(a) requires the result reached by the majority, but I find it unreasonable nonetheless. Any policies served by giving special status to public utilities under ORS 164.365 are also served, perhaps to a greater extent, by extending that protection to the BPA. Certainly, I agree with the majority that the definition of public utility contained in ORS 757.005(1)(a) is significant in resolving this case. The majority claims that from the definition, "[i]t is apparent that the legislature did not use the term 'public utility' in its generic sense in defining criminal mischief in the first degree." It strikes me that, of all the entities normally thought of as a "public utility" in a generic sense, the BPA would be the only

one not included in the majority's version of the statutory definition. If the legislature had intended to exclude only the BPA from the statutory definition of "public utility" as it is incorporated into ORS 164.365(1)(d), it would have been much simpler for it to come straight out and say so, thereby eliminating the need for all this intellectual genuflecting.

Moreover, it is a recognized rule of statutory construction that statutes should be construed, if possible, so as to avoid absurd or unreasonable results. *James v. Carnation Co.,* 278 Or 65, 72-73, 562 P2d 1192 (1977). To me, it is clear that the majority has reached an absurd and unreasonable result. Accordingly, I would affirm.