Argued and submitted August 28, reversed and remanded December 9, 1987

# STATE OF OREGON,
## *Appellant,*

### *v.*

# RICHARD ROBERT LEE,
## *Respondent.*

## (86051228; CA A41967)

746 P2d 242

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is a criminal case in which defendant is charged with manslaughter in the first degree, ORS 163.118,[1] for causing the death of a child. The state seeks reversal of a pretrial order excluding evidence. The sole issue on appeal is the admissibility of the proffered evidence.

Defendant lived with his girlfriend and her 22-month old son. In January, 1986, he spanked the child with a belt and, as a result, the juvenile court took jurisdiction over the child. In February, 1986, the juvenile court returned the child to the mother while defendant was still living with her. It imposed certain conditions, *inter alia,* that the mother and defendant participate in an intensive family program and parenting classes and that Children's Services Division (CSD) be provided access to the child's home to monitor his well-being. On May 24, 1986, the mother and defendant brought the unconscious child to the hospital. The child later died of numerous injuries, which were caused by having been shaken. Defendant was interviewed by police detectives and presented several different stories about the cause of the child's injuries. At the pretrial hearing, he denied shaking the child.

The state sought to introduce evidence that defendant had previously mistreated the child, that he did not complete the CSD program and parenting classes, that on some occasions he had denied a CSD worker the opportunity to examine the child, that, on other occasions, the worker observed injuries to the child, and that a CSD worker spoke with defendant and discussed with him that shaking the child could cause mental retardation, brain damage and even death.

---

[1] ORS 163.118(1) provides:

"Criminal homicide constitutes manslaughter in the first degree when:

"(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life[.]"

ORS 161.085(9) provides:

" 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

The judge excluded all the proffered evidence on defendant's motion *in limine* and explained his ruling:

> "The Court finds that the probative value of the matter referred to in the motion in limine are outweighed by prejudicial affect [*sic*] of those events.
>
> "I can't help but note, that by analogy, if this matter of recklessness, I know in an automobile accident or injury case you can't show that person was reckless ten years ago or five years ago or one year to show he is reckless today. Because you are negligent last week, doesn't mean you are negligent today. And if that's of any help by way of analogy, in this case the Court feels it does have some relevance in the Court's reason by analogy."

The state assigns that ruling as error.[2]

■ The evidence the state proposed to offer consists of diverse elements: (1) defendant's discontinuance of the CSD program and classes and his occasional refusal to have the child examined by CSD workers; (2) prior mistreatment (spanking and shaking); and (3) defendant's knowledge that shaking the child could cause injury or death.

The first two instances are "other crimes, wrongs or acts" under OEC 403(3), which provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Evidence is not automatically admissible, however, even if it is offered to prove the things listed in the rule. The purpose for which it is offered must be analyzed. *State v. Johns,* 301 Or 535, 549, 725 P2d 312 (1986). Moreover, even if the evidence has some relevance to matters in issue, the judge should weigh its probative value against its potential prejudicial effect. *State v. Johns, supra,* 301 Or at 550; OEC 401; OEC 403.

The issue in this case is whether defendant recklessly caused the child's death or whether the child died accidentally.

---

[2] On reconsideration, another circuit judge adhered to the ruling on the pretrial motion.

We do not see any relevance in the state's evidence that defendant did not cooperate with CSD. The trial judge did not err in excluding it.

■     We next consider the evidence of prior mistreatment. If that evidence was offered to prove defendant's assaultive disposition toward the same individual, it is relevant. *State v. Mills,* 39 Or App 85, 88, 591 P2d 396 (1979). Defendant argues that *Mills* is not applicable to this case, because it involved prior assaults as opposed to defendant's acts, which he characterizes as "appropriate physical punishment and correction" of the child. His argument assumes that striking a 22-month old child with a belt, causing him visible bruises, is appropriate as a matter of law. To say that the argument has no merit dignifies it too much. Neither is it controlling that "striking" and "shaking" are not identical acts. Identity of the prior acts and the present charged act is not required to prove intent or lack of mistake. *State v. Johns, supra,* 301 Or at 551. The evidence is relevant.

■     Finally, there is evidence that defendant had been warned by a CSD worker that shaking the child could result in serious injury or even death. Defendant's knowledge of the danger of his conduct is clearly relevant to whether he had a reckless state of mind, which is directly in issue in this case.

■     If evidence is determined to be relevant to a matter in issue, the inquiry continues by balancing the probative value of the evidence against the possibility of unfair prejudice. The trial judge should consider (1) the need for the evidence; (2) how clearly the proponent has proven that the defendant committed the uncharged act; (3) the strength or weakness of the evidence; (4) its inflammatory effect on the jury; and (5) how time-consuming and distracting the proof will be. *State v. Johns, supra,* 301 Or at 557-559. The judge should also decide whether to admit or exclude all the proffered evidence or to admit only part of it. *State v. Mayfield,* 302 Or 631, 645, 733 P2d 438 (1987). "In this state trial judges are granted broad discretion when findings are made on the record to back up this discretionary call." 302 Or at 647.

The trial judge here excluded all of the evidence, because he concluded that its probative value is outweighed by

its prejudicial effect.[3] Although he exercised discretion, he made no findings supporting his conclusion that the prejudicial effect of the evidence outweighed its probative value. Our review of the record discloses that there was nothing before the court from which he could have made such a finding. Under those circumstances, the judge abused his discretion in excluding the evidence before trial.

Reversed and remanded.

---

[3] Part of the difficulty here is that the motion was presented out of the trial context by a pretrial "motion in limine." Defendant objected to the introduction of broad categories of evidence. Two of the categories are, on their faces, relevant to the case. Defendant made no showing of how the evidence would be "unfairly" prejudicial. It may be that particular evidence, however relevant, may be properly excluded at trial on a showing of potential for improper prejudice. *See State v. Browder,* 69 Or App 564, 567, 687 P2d 168, *rev den* 198 Or 172 (1984).