Argued and submitted July 26, 1989, reversed and remanded for new trial
January 17, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# SELDON MASON,
*Appellant.*

## (CC87-1150; CA A50667)

785 P2d 378

Helen L. Cooper, Salem, argued the cause for appellant. With her on the brief was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a conviction for sexual abuse in the first degree. ORS 163.425. He argues that the trial court erred when it admitted evidence that he had sexually abused the victim's mother as a child. We reverse.

The state charged that defendant touched the vagina of a 10-year-old girl while she and her brother were riding with him in his pickup. According to the victim, there were multiple incidents of fondling, mainly in defendant's pickup in the presence of her eight-year-old brother, who never observed the fondling. When confronted with the victim's allegations, defendant told a deputy that he may have put his hand on victim's leg or patted her back, but only in a paternal manner. At trial, defendant denied having touched the victim's vagina.

The state offered evidence that the victim's mother had lived with defendant when she was a child and that he had frequently sexually abused her in the presence of other family members without their becoming aware. Defendant objected to the evidence by a pretrial motion *in limine* and at trial. The state argued that the mother's testimony was probative to show that defendant intended to receive sexual gratification from fondling the victim. It urged that the evidence was necessary to show defendant's intent and motive, because defendant was 80 years old and the jury might therefore doubt that he would abuse a child. The trial court denied defendant's motion and permitted the evidence pursuant to OEC 403 and 404(3).[1]

OEC 403 requires trial judges to consider four factors in determining whether the probative value of evidence exceeds it prejudicial nature: (1) the need for the evidence;

---

[1] OEC 403 states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

OEC 404(3) states:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

(2) the certainty of the evidence; (3) the relative strength or weakness of the evidence; and (4) its possible inflammatory effect on the jury. We will reverse a trial court's OEC 403 determination only for an abuse of discretion. *State v. Johns,* 301 Or 535, 557-59, 725 P2d 312 (1986). Abuse of discretion occurs if the discretion is exercised to an end not justified by, and clearly against, evidence and reason. *Casciato v. Oregon Liquor Control Com.,* 181 Or 707, 715-17, 185 P2d 246 (1947).

■    The trial court held that the evidence was needed by the state, because jurors might have some skepticism as to whether someone as old as defendant would commit sexual abuse. Although the court recognized that the alleged abuse of the mother had occurred more than twenty years earlier, it concluded that there were sufficient similarities between her testimony and the victim's testimony to make the evidence probative. Defendant argued that the mother's testimony was so weak as not to be credible, because she had never told anyone about the alleged abuse of her until she suspected that her child had been abused, because she had frequently allowed the child to spend time with defendant,[2] and because she had a long history of psychological problems,[3] including alcoholism. Mother testified that defendant had sexually abused her many times when she was a child, beginning at age 11, generally in the presence of others,[4] and at least once in an automobile. The mother's psychologist testified that she has a number of symptoms that are present in someone who has been molested.

Defendant argues that the state did not need the evidence, because he denied the touching and the case turns on whether the jury believes him or the child. However, during argument on the motion *in limine,* defendant conceded that the state needed additional evidence to bolster the victim's credibility because of the unlikeliness of the abuse occurring

---

[2] Mother explained why she allowed her daughter to be alone with defendant:

"He never hurt me and he was never mean to me, and I just was mesmerized or he just had some kind of power over me and he promised me he'd never touch my children."

[3] Mother testified that a personality named "Edith" takes over her body when she sleeps.

[4] The mother testified: "Any time anybody would turn their head away, he would fondle me and touch me."

without her brother witnessing it. The state argues that the testimony was needed to rebut that argument and in anticipation of the defense that the touching was not for purposes of sexual gratification, given defendant's age. We agree with the state that it was entitled to anticipate defendant's defenses. *See State v. Zybach,* 308 Or 96, 775 P2d 318 (1989).

However, it is unquestionable that evidence of the abuse of the mother was inflammatory. It implies that defendant was an habitual child abuser, *i.e.,* that he abused the victim because he abused her mother. The testimony required defendant to defend not only against the uncorroborated claims of an 11-year-old victim but to convince a jury that her mother was not credible and to rebut evidence of alleged abuse that occurred 20 years before. Therefore, the relative strength of the evidence, and its certainty, become critical factors in determining if the unfairly prejudicial effect outweighed the need that the state had for the evidence and its probative value.

In *State v. Mayfield,* 302 Or 631, 733 P2d 438 (1987), the Supreme Court held that the trial court abused its discretion in admitting evidence of sex offenses by the defendant against the victim's three-year-old sister, because the probative value of the evidence was outweighed by its prejudicial effect. The court noted that the inadmissible evidence allowed the state to prove a case of sexual abuse involving the sister that it could not prove under the rules of evidence had the defendant been formally charged and tried for the alleged abuse of the sister.

Similarly, defendant could not be prosecuted for the alleged crime against mother. *See* ORS 131.125(2)(a).[5] The policy underlying a statute of limitations is to prevent injustice because of an inherent inability to defend against stale allegations. The same policy is applicable here. When the inability to defend against the claim because of staleness is considered with the relative weakness of mother's testimony,

---

[5] ORS 131.125 states, in relevant part:

"(2) Except as provided in subsection (3) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

"(a) For any other felony, three years."

we conclude that the trial court's decision to admit the evidence under OEC 403 constituted an abuse of discretion. The mother's testimony should not have been admitted.

Reversed and remanded for a new trial.