Argued and submitted May 27, 1992, affirmed March 31, reconsideration denied August 11, petition for review denied September 21, 1993 (317 Or 584)

## STATE OF OREGON,
*Respondent,*

*v.*

## WARREN MARION PARKER,
*Appellant.*

(90-679, 90-680;
CA A68761 (Control), A68762)
(Cases Consolidated)

849 P2d 1157

Wayne Mackeson, Portland, argued the cause for appellant. With him on the brief was Des Connall, Portland.

Michael Livingston, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his convictions for three counts of first degree sexual abuse. ORS 163.427. He makes multiple assignments of error. We affirm.

In one indictment, defendant was charged with two counts of sexual abuse involving different victims (M and J), both under the age of 12. In a separate indictment, defendant was charged with sexually abusing a third victim. The indictments were set for a joint trial and defendant moved to have each count tried separately. The court denied his motion. Defendant assigns that denial as error.

ORS 132.560 provides, in part:

"(1)   The indictment must charge but one crime, and in one form only, except that:

"* * * * *

"(b)   Two or more offenses may be charged in the same accusatory instrument in a separate count for each offense if the offenses charged * * * are alleged to have been committed by the same person or persons and are:

"(A)   Of the same or similar character;

"* * * * *

"(2)   If two or more indictments are found in circumstances described in paragraph (b) of subsection (1) of this section, the court may order them to be consolidated.

"(3)   If it appears, upon motion, that the state or defendant is prejudiced by a joinder of offenses * * * the court may order an election of separate trials of counts or provide whatever relief justice requires."

In *State v. Meyer*, 109 Or App 598, 603, 820 P2d 861 (1991), *rev den* 312 Or 677 (1992), we said that, in determining whether joinder is allowable, the court must keep in mind that the availability of severance under ORS 132.560(3) as a remedy for prejudice that may develop during the trial, permits ORS 132.560(2) to be broadly construed in favor of initial joinder. Moreover, a denial of severance under ORS 132.560(3) is reviewed for abuse of discretion, and in order to prevail, a defendant must show *substantial* prejudice. 109 Or App at 604.

■    The state argues that the charges should not be severed for trial, because they were "of the same or similar character" under ORS 132.560(1)(b)(A). Defendant concedes that the three charges were of the same or similar character, but argues that the state did not need the evidence of the other alleged crimes, that the evidence was not relevant to any other issues and that the evidence was "highly prejudicial," because it implied that defendant was a habitual child abuser.

During the investigation, defendant told Detective Beckwith that, "if he had touched any of the girls, it certainly would have not been on purpose." Defendant pled not guilty to the charges and his defense was that he had not touched any of the girls for purposes of sexual gratification. At the hearing on the motion to sever, his counsel told the trial court that, if the charges were severed, defendant might take the stand and testify as to one allegation, but not the others.

To prove each charge of sexual abuse, the state was required to prove that defendant touched each victim intentionally and "for the purpose of arousing or gratifying the sexual desire of either party." *Former* ORS 163.425; ORS 163.305(6).[1] At the time of the motion, the children were 9, 10 and 11 years old. According to what was presented to the trial court, all of the abuse allegedly occurred at defendant's farm when they had visited him for picnics and gatherings. If the charges involving the three victims were separately tried, the evidence of defendant's admission and his relationship and conduct with each child would be admissible in each of the separate trials, because the evidence would be probative of

---

[1] *Former* ORS 163.425 provided:

    "(1) A person commits the crime of sexual abuse in the first degree when that person:

    "(a) Subjects another person to sexual contact; and

    "(A) The victim is less than 12 years of age; or

    "(B) The victim is subjected to forcible compulsion by the actor; or

    "(b) Subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object not a part of the actor's body, and the victim does not consent thereto.

    "(2) Sexual abuse in the first degree is a Class C felony."

The crime of sexual abuse in the first degree is now codified at ORS 163.427.

defendant's intent. The evidence would make it more likely than not that the touching was not accidental. *See State v. Brown*, 310 Or 347, 360, 800 P2d 259 (1990); *State v. Walters*, 99 Or App 570, 783 P2d 531 (1989), *rev'd on other grounds* 311 Or 80, *cert den* ___ US ___ (1991).

■        Defendant, relying on OEC 403, also argues that the trial court abused its discretion in not severing the trials, because the prejudicial effect of the evidence was greater than its probative value and that the court did not engage in a balancing process. *See State v. Johns*, 301 Or 535, 555, 725 P2d 312 (1986). We considered similar arguments in *State v. Quintero*, 110 Or App 247, 252, 823 P2d 981 (1991), *mod* 114 Or App 142, *rev den* 314 Or 392 (1992), and *State v. Umphrey*, 100 Or App 433, 437, 786 P2d 1279, *rev den* 309 Or 698 (1990). In those cases, we construed ORS 136.060(1), which provides that jointly charged defendants "shall be tried jointly unless the court concludes it is clearly inappropriate to do so." We acknowledged that in every situation where charges or defendants are joined in a trial, the possibility of prejudice exists. Although "prejudice" is a factor that must be considered, we do not think that the legislature intended to require a court to undergo the six step analysis required by OEC 403 when deciding whether to sever charges for separate trials. The most compelling argument against that proposition is that to require a trial court to make such a determination at a pretrial stage deprives this court of the opportunity to consider the effect of the evidence in the context of the trial evidentiary record. Moreover, in a motion under ORS 132.560(3), the defendant must show substantial prejudice. Defendant's proposal would shift that burden to the state. Therefore, we reject defendant's argument that the trial court erred because it did not enter into an OEC 403 balancing process.

■        A trial court abuses its discretion if the discretion is exercised to an end not justified and clearly against the evidence and reason. *State v. Mason*, 100 Or App 240, 243, 785 P2d 378 (1990). Here, we believe that the trial court acted within the permissible range of discretion when it found that evidence of defendant's conduct as to all of the victims would be mutually admissible in the separate trials if the charges were severed. *See State v. Kim*, 111 Or App 1, 8, 824 P2d

1161, *rev den* 314 Or 176 (1992). Moreover, the only prejudice defendant has shown is that which would result from the admission of the evidence in each case. Such prejudice would occur whether the cases were joined or tried separately. Considering both factors, we hold that defendant has not carried his burden of demonstrating "substantial prejudice." The trial court did not err in denying his motion to sever the charges for trial.

■ Next, defendant assigns error to the denial of his motion for arrest of the judgment on the conviction for the abuse of M and J. The indictment charged that M and J were abused between January 1, 1985, and August 31, 1989. They testified that they were uncertain about the dates on which they were abused. Because prosecution for any abuse committed before October 3, 1986, was time-barred, ORS 131.125(2)(k), the trial court instructed the jury that the state was required to prove beyond a reasonable doubt with respect to each count that the act was committed between November 1, 1986, and August 31, 1989.[2] ORS 131.125 was amended in 1989 to provide a six year statute of limitations for certain crimes, including violation of ORS 163.427. The amendments became effective October 3, 1989. Defendant argues that applying the 1989 amendment to offenses committed before its effective date violates federal and state constitutional prohibitions against *ex post facto* laws. In *State v. Dufort*, 111 Or App 515, 827 P2d 192 (1992), we held that applying an extension of a time limitation to the prosecution of offenses that were not time-barred on the effective date of the extension did not violate *ex post facto* prohibitions.

■ Alternatively, defendant argues that the indictment charged acts outside the limitation period and so the verdict is vulnerable to a motion in arrest of judgment. ORS 136.500 reads, in part:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty. It may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise."

---

[2] The court mistakenly used the November 1, 1986, date in its jury instruction. However, that error is to the benefit of defendant.

ORS 135.630 sets out the grounds for pretrial demurrer to a criminal indictment. However, neither subsection (1) nor subsection (4) allows a defendant to demur on the ground that the statute of limitations has expired. Therefore, the grounds for arrest of judgment that defendant asserts under ORS 136.500 are not available to him.

Affirmed.