Argued and submitted May 23, 1995, reversed and remanded August 21, 1996, both petitions for review denied February 4, 1997 (324 Or 560)

## STATE OF OREGON,
*Appellant,*

*v.*

## KENNETH STALEY,
*Respondent.*

(C93-02-31280; CA A81943)

923 P2d 650

Janie M. Burcart, Assistant Attorney General, argued the cause for appellant. On the briefs were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Leeson and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant is charged with 13 counts of sexual abuse in the third degree allegedly committed against five minor victims. The state appeals from the trial court's pretrial order suppressing evidence; defendant cross-assigns error to the trial court's decision not to sever the cases for separate trials. We determine that defendant's cross-assignment is not properly before us and we reverse and remand on the state's appeal.

Defendant was a drama teacher and basketball coach at Marshall High School. The charges arose out of his conduct toward female students. In the spring of 1992, the principal of Marshall High, Karr-Morris, received complaints from female students about sexually harassing conduct by defendant toward them. Defendant was warned to avoid inappropriate contact with students. After receiving several more complaints, Karr-Morris contacted the Portland school police to investigate them. During December 1992, a Portland school police officer, Leedom, investigated the complaint.

Based on Leedom's investigation, the state charged defendant with 13 counts of sexual abuse in the third degree.[1] All of the charges involve conduct between defendant and his female students that is alleged to have occurred during school hours. The charges were as follows:

Count 1: that defendant subjected victim N to sexual contact by touching her buttocks;

Counts 2 and 3: that defendant subjected victim C to sexual contact by pressing his groin area against her;

---

[1] ORS 163.415 provides, in relevant part:

"(1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact; and

"(a) * * *

"(b) The victim is incapable of consent by reason of being under 18 years of age * * *."

ORS 163.305 defines "sexual contact" as

"any touching of the sexual or intimate parts of a person or causing such person to touch the sexual parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

Counts 4 and 5:   that defendant subjected victim C to sexual contact by touching her breasts;

Counts 6, 7, 8 and 9:   that defendant subjected victim K to sexual contact by touching her buttocks;

Counts 10, 11 and 12:   that defendant subjected victim S to sexual contact by touching her buttocks;

Count 13:   that defendant subjected victim J to sexual contact by touching her buttocks.

Defendant initially moved to sever the charges and require the court to conduct five trials, one for each victim. Defendant argued that he would be unduly prejudiced by trying all the charges together, because the jury would be unable to keep the evidence related to each charge separate from the evidence related to the other charges. He argued that the charges alleged conduct that was "inflammatory and morally reprehensible" and that the jury would likely "cumulate the evidence to find guilt on all charges." The court denied the motion.

Subsequently, defendant filed a pretrial motion to exclude the following categories of evidence:

"1.   Testimony by the complainants of allegations of uncharged misconduct by the defendant committed against other persons;

"2.   Testimony by the complainants of allegations of uncharged misconduct by the defendant committed against the complainants;

"3.   Testimony by other persons of allegations of uncharged misconduct by the defendant committed against other persons;

"4.   Testimony by Colin Karr-Morse, the principal of Marshall High School, or of any other person, concerning allegations of uncharged misconduct by the defendant either against the complainants or against any other persons [sic];

"5.   Testimony or any other evidence concerning short stories that the defendant wrote for publications, some of which defendant allowed his students to read."

The trial court granted the motion, ordering that, in a joint trial, all of the challenged evidence would be inadmissible. At the hearing, the state summarized the court's oral holding by stating that "the [c]ourt is ruling that all of the evidence the [s]tate intends to provide other than the precise physical conduct that constitutes the crime is inadmissible." The court replied that "that is a spare statement of my analysis of what I'm obliged to do by the precedents."

■ On appeal, the state argues that the trial court's ruling excluding all evidence except the precise physical contact at issue is unduly restrictive and constitutes an abuse of discretion. Because the state told the trial court that it did not intend to offer any evidence about alleged misconduct toward people other than the five complaining witnesses in the case, we do not address whether that evidence would be admissible.

As we understand the trial court's ruling with respect to the other types of evidence listed above, it did not determine what evidence would be admissible if it conducted five separate trials, one for each complaining witness. The court stated that, if separate trials were conducted, the state could use "whatever evidence the jurisprudence seems to suggest is admissible as to each one of [the victims.]" The court was concerned, however, about the cumulative effect of the evidence if it were all offered in one trial. Consequently, the court ruled that, if the state chose to proceed with the joined charges, only evidence relating to the precise physical conduct charged as offenses would be admissible.[2]

The trial court erred in limiting before trial the evidence that the state could use to show defendant's intent. There are three types of evidence that the state wants to have admitted at trial and that defendant wants to exclude: (1) evidence of uncharged misconduct by defendant toward

---

[2] The state properly charged the offenses against defendant pursuant to ORS 132.560(1)(b)(A), which provides that multiple offenses may be charged in the same accusatory instrument if the offenses are alleged to have been committed by the same person and are "[o]f the same or similar character." All the counts against defendant involved similar acts, namely his touching his students' buttocks and hugging them in an inappropriate manner.

the victims in this case, (2) testimony by the principal or others about allegations of uncharged misconduct by defendant against the victims and (3) evidence about stories that defendant asked the victims to read.

To determine whether the challenged evidence is admissible at trial, there are two questions the court must answer. First, is the evidence relevant to an issue in the case? OEC 401; OEC 402. If the evidence is relevant, the court then must determine whether its probative value is outweighed by unfair prejudice to the accused. OEC 403. Defendant's motion *in limine* sought to exclude broad categories of evidence that may or may not be relevant. The same evidence, if it is relevant, may or may not be unduly prejudicial. Without a factual context, neither the trial court nor we can make that determination. Until the issues to be tried are known, which may not occur in this case until after the state has put on its case, it is not possible to determine whether the evidence at issue is relevant or, if relevant, how probative it will be.

Once it becomes clear whether the evidence is relevant, the court must then go through a balancing test to determine whether the relevant evidence is nevertheless inadmissible due to undue prejudice. OEC 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

As the trial proceeds, the court must evaluate each individual offer of evidence and determine whether its probative value is outweighed by unfair prejudice. That step-by-step balancing of probative value and risk is essential to the proper exercise of the court's role under OEC 403, but it did not take place in this case. Because a context was lacking, it is not surprising that the trial court failed to make the findings required by *State v. Johns*, 301 Or 535, 549-50, 725 P2d 312 (1986).

■ We turn, then, to defendant's cross-assignment of error. Defendant argues that, if we find that the trial court erred in limiting the evidence that will be admitted at trial,

we should reverse the trial court's denial of his motion to sever the charges. The state argues that that decision is not properly before us to review at this time. We agree with the state.

ORS 132.560(1) is to be broadly construed in favor of initial joinder, because ORS 132.560(3) is available as "a remedy for prejudice that may develop *during the trial.*" *State v. Parker*, 119 Or App 105, 107, 849 P2d 1157, *rev den* 317 Or 584 (1993) (emphasis supplied). ORS 132.560(3) has been interpreted to require a showing of substantial prejudice to a defendant in order to overturn a trial court's denial of a severance motion. *See State v. Meyer*, 109 Or App 598, 604, 820 P2d 861 (1991), *rev den* 312 Or 677 (1992). The state reasons that, to reverse the trial court's decision not to sever the charges, we must evaluate "the effect of the evidence in the context of the trial evidentiary record." *Parker*, 119 Or App at 109. We also must consider the probable effectiveness of limiting instructions given to the jury by the court. *State v. Kitzman*, 129 Or App 520, 529-30, 879 P2d 1326 (1994), *aff'd in part, rev'd in part on other grounds* 323 Or 589, 920 P2d 134 (1996).

As previously discussed, at this point it is not possible to determine what defendant's position at trial will be, and, thus, what evidence will be admitted. It also is not possible to determine what potential prejudice defendant may suffer at trial. If, at trial, defendant believes that he is suffering substantial prejudice, he may renew his motion to sever. At this time, however, we are unable to consider the issue.

Reversed and remanded.