Argued and submitted January 31, affirmed August 13, reconsideration denied October 17, petition for review denied November 20, 1986 (302 Or 299)

## STATE OF OREGON,
*Respondent,*

*v.*

## BRIAN KEITH BAUMEISTER,
*Appellant.*

## STATE OF OREGON,
*Respondent,*

*v.*

## JEFFERY L. BAUMEISTER,
*Appellant.*

(85-0367 (D01), 85-0367 (D02); CA A36520)

723 P2d 1049

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellants. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

Warden, J., specially concurring.

## RICHARDSON, P. J.

In this consolidated appeal, defendants appeal their convictions for burglary in the first degree. ORS 164.225. Their sole contention is that the trial court erred in denying their motion to suppress evidence that the police seized from defendant Jeffery Baumeister's car without a search warrant. We hold that the police searched the car and seized the evidence with his consent and affirm.

Defendants had been arrested as suspects in the burglary for which they were convicted, and Jeffery was in custody at the police station when a police officer requested permission to search his car. He signed a consent form giving permission to do so. Immediately before the officer requested the permission, he had read Jeffery the warnings required by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966), and had asked him whether he wished to talk.[1] Jeffery said: "No." Approximately one and one-half to two hours before that, the police officers who had originally stopped and arrested defendants had read them *Miranda* warnings. Jeffery had at that time said that he did not want to speak to the police, and there is some evidence that he said that he would not speak to the police until he had spoken to an attorney.

Defendants argue that, after Jeffery invoked his right to silence and right to counsel, the police were required to honor those requests and were foreclosed from asking him for permission to search his car. *See Edwards v. Arizona,* 451 US 477, 101 S Ct 1880, 68 L Ed 2d 378 (1981); *Michigan v. Mosley,* 423 US 96, 96 S Ct 321, 46 L Ed 2d 313 (1975). They contend that that request and the use of the evidence found during the search violated his right against compelled self-incrimination guaranteed by Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the federal constitution.

Those provisions protect the right against *testimonial* self-incrimination. *Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966); *State v. Cram,* 176 Or 577, 160 P2d 283 (1945). A defendant's consent to search is not an incriminating statement subject to suppression for *Miranda*

---

[1] Article I, section 12, of the Oregon constitution also requires that *Miranda* warnings be given. *State v. Kell,* 77 Or App 199, 712 P2d 827 (1986); *State v. Smith,* 70 Or App 675, 691 P2d 484 (1984), *rev allowed* 298 Or 704 (1985).

violations. *Cody v. Solem,* 755 F2d 1323 (8th Cir), *cert den* ___ US ___ (1985); *Smith v. Wainwright,* 581 F2d 1149 (5th Cir 1978); *United States v. Lemon,* 550 F2d 467 (9th Cir 1977); *See also* 2 La Fave, *Search and Seizure: A Treatise on the Fourth Amendment* 671-74, § 8.1(j) (1978).

> "* * * Simply put, a consent to search is not an incriminating statement. [The defendant's] consent, in and of itself, is not evidence which tends to incriminate him. While the search taken pursuant to that consent disclosed incriminating evidence, this evidence is real and physical, not testimonial. * * *" *Cody v. Solem, supra,* 755 F2d at 1330. (Citations omitted.)

Jeffery's consent to the search was not in itself an incriminating statement[2] and the admission of evidence obtained in that search did not violate either defendant's state or federal constitutional rights.[3]

Affirmed.

**WARDEN, J.,** specially concurring.

I concur because the police had probable cause to search defendant's car and because the recently-discovered automobile exception to the warrant requirement of Article I, section 9, of the Oregon Constitution excuses their failure to obtain a warrant. *State v. Brown,* 301 Or 268, 721 P2d 1357 (1986); *State v. Bennett,* 301 Or 299, 721 P2d 1375 (1986). Whether defendant could properly consent to the search after

---

[2] In *State v. Williams,* 248 Or 85, 432 P2d 679 (1967), the court, in a 4-3 decision, held that, under the Fifth Amendment, a defendant who is in custody and is a focal suspect in a case must be informed of his constitutional rights before evidence seized pursuant to his consent to search is admissible at trial. The court stated: "In effect, the request to search is a request that defendant be a witness against himself which he is privileged to refuse under the Fifth Amendment." 248 Or at 93. Neither party cites *Williams,* perhaps because it has been significantly undercut, if not effectively overruled. In *United States v. Watson,* 423 US 411, 96 S Ct 820, 46 L Ed 2d 598 (1976), and *Schneckloth v. Bustamonte,* 412 US 218, 93 S Ct 2041, 36 L Ed 2d 854 (1973), the Supreme Court rejected the argument that a consent search is unlawful unless the police have informed the person in custody of his right to refuse to consent. In *State v. Flores,* 280 Or 273, 570 P2d 965 (1977), the court rejected the same argument as a matter of state constitutional law. The majority quoted with approval Judge Holman's dissent in *Williams,* in which he had argued that *Miranda* and *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964), should not apply to searches and seizures. 280 Or at 281-82. In the light of the later cases, we do not believe that the quoted statement from *Williams* is controlling in this case.

[3] Defendant does not argue that his consent was involuntary.

requesting a lawyer is therefore irrelevant. I do not necessarily agree with my colleagues' resolution of that issue. Neither do I think that it was necessary for them to discuss it. *See State v. Bradbury,* 80 Or App 613, 723 P2d 1051 (1986) (Warden, J., specially concurring).