Argued and submitted May 20, affirmed December 4, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## GORDON NATHANIEL McMINN,
*Appellant.*

(93-1466CR, 94-0212CR; CA A86703 (Control), A86704)
(Cases Consolidated)

929 P2d 1009

Lisa A. Maxfield argued the cause for appellant. With her on the brief was Ransom, Blackman & Maxfield.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Landau, Judge.

LANDAU, J.

## LANDAU, J.

Defendant appeals convictions on two counts of sexual abuse in the second degree and five counts of sexual abuse in the third degree. He assigns error to the trial court's denial of his "motion to sever" the various counts and to the trial court's order that he pay restitution and compensatory fines as part of his sentence. We affirm.

Defendant was a licensed professional counselor. Part of his therapy included a series of "relaxation exercises" that involved placing his hand, or the hand of a client, on various bodily "anchor points," including the client's genitals. The grand jury returned an indictment against defendant for sexual abuse in the third degree based on an incident involving one of defendant's clients. Several months later, it returned a second indictment charging defendant with multiple counts of sexual abuse in the first, second and third degrees based on incidents involving five other clients. The state moved to consolidate the two indictments, and the trial court granted the motion. Defendant then moved to set aside the consolidation order, and the trial court denied that motion.

The jury returned a verdict as set out above, acquitting defendant on one of the charges and splitting 10-2 and 11-1 on several other charges. At sentencing, the prosecution requested that defendant be ordered to pay restitution and compensatory fines. Defendant objected, contending that he had entered into civil settlements with the victims, which barred the imposition of compensatory fines. Defendant did not introduce the settlement agreements into the record, nor did he detail the terms of those agreements. He did refer the court to several "written acknowledgments of satisfaction," by which the victims declare receipt of "full satisfaction" for their injuries. The same documents, however, declare that they were executed "only for the purposes of plea negotiation," and that they are not to be used "in any form during the criminal trial." The trial court concluded that it was appropriate to require defendant to pay both restitution and compensatory fines.

■ We first address defendant's contention that the trial court erred in failing to sever the various counts of sexual abuse. At the outset, we note that defendant has failed to preserve his argument that the trial court should have severed all of the counts of sexual abuse. The only motion that defendant presented to the trial court was a motion to set aside the trial court's order to consolidate the two indictments. That is the only issue that we review on appeal.

■ ORS 132.560(1)(b) provides that a charging instrument may include two or more offenses

"if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

ORS 132.560(2) further provides that, if two or more charging instruments satisfy the foregoing requirements, the court may order those charging instruments consolidated. If the defendant is "prejudiced" by the joinder or consolidation, the court may order an election, separate trials or other relief as justice requires. ORS 132.560(3). Because consolidation always produces some risk of adverse effect on a defendant, we have held that the "prejudice" required to warrant severance must be "substantial." *State v. Meyer*, 109 Or App 598, 604, 820 P2d 861 (1991), *rev den* 312 Or 677 (1992). We further have held that, when evidence on the various charges would be "mutually admissible" in separate trials or is "sufficiently simple and distinct to mitigate the dangers otherwise created by such a joinder," substantial prejudice has not been established. *Id., quoting United States v. Werner*, 620 F2d 922, 927 (2d Cir 1980). On appeal, we review the trial court's decision to consolidate charges for abuse of discretion. *State v. Rood*, 118 Or App 480, 482, 848 P2d 128, *rev den* 317 Or 272 (1993).

In this case, we find no abuse of discretion. The evidence was uncomplicated, consisting largely of the testimony of the victims and of defendant as to what happened during

their counseling sessions. It certainly was not so complex that the jury could not sort through the testimony and determine what happened in each case. Moreover, the jury was instructed to consider each count separately. From the fact that defendant was acquitted on at least one of the charges, it appears that the jury took its instructions to heart. Under the circumstances, we cannot say that the trial court acted beyond the bounds of discretion in denying the motion to set aside the order consolidating the two indictments.

■ We turn to defendant's contention that the trial court also erred in requiring him to pay restitution and compensatory fines. ORS 137.101(1) provides that the trial court may impose a compensatory fine for the commission of a crime resulting in injury for which the victim has a civil remedy "unless the issue of punitive damages has been previously decided on a civil case" arising out of the same act or transaction. In a similar vein, ORS 137.106(1) provides that restitution may be ordered when the victim of a crime has suffered "pecuniary damage," defined as "all special damages, but not general damages, which a person could recover against the defendant in a civil action" arising out of the facts that constitute the crime. Defendant contends that, because he entered into a civil settlement with each of the victims for his or her injuries, neither compensatory fines nor restitution may be imposed in this case. According to defendant, the settlement satisfied all claims against him, including those for punitive damages. The state argues, and we agree, that on the record in this case we cannot say one way or the other whether that is so. The settlement agreements themselves were not made part of the trial court record, and their terms were not disclosed to the trial court. There was, therefore, no way to determine whether claims for punitive damages survived the settlement of the victims' civil claims.

Defendant insists that we should draw inferences from "what was not said" to the trial court, namely, that no victim suggested that punitive damages were *not* included in the settlement. Defendant also relies on the "written acknowledgments of satisfaction," which declare that the victims received "full satisfaction." Without the terms of the settlement agreements themselves, however, we do not know what properly may be inferred from either the testimony of

the victims or their acknowledgments of "satisfaction." Defendant's assignment is not reviewable on the record before us.

Affirmed.