Argued and submitted July 10, 2006, affirmed August 22, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## PETER JOHN NORKEVECK,
*Defendant-Appellant.*

Marion County Circuit Court
03C-46404, 04C-48750
A125781 (Control), A125782

168 P3d 265

Jeffrey M. Jones argued the cause and filed the briefs for appellant.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Richardson, Senior Judge.*

RICHARDSON, S. J.

---

* Richardson, S. J., *vice* Cramer, J. pro tempore.

## RICHARDSON, S. J.

This is a consolidated appeal of two separate judgments of conviction on the basis of two separate indictments. Defendant was indicted in Marion County case number 03C46404, for 12 counts of sexual conduct with a girl under 12 years old. He was subsequently indicted for 10 counts of encouraging child sexual abuse in the first degree. That indictment was dismissed with prejudice and a subsequent indictment, Marion County case number 04C48750, charged defendant with 10 counts of encouraging child sexual abuse in the *second* degree. The two surviving indictments were joined for trial over defendant's objection, and his motion to sever the cases for separate trials was denied.

Defendant filed various pretrial motions in both cases, which were denied, and the charges were tried to the court on stipulated facts. The court entered convictions for 6 of the 12 counts in the first indictment, and 5 of the 10 counts in the other. Defendant separately appealed both judgments, and the cases were separately briefed but consolidated for appeal. For the reasons explained below, we affirm.

The assignments of error all relate to the denial of defendant's pretrial motions. Defendant moved in both cases to suppress evidence seized from his computer and to sever the cases for separate trials. In the first case, he moved to exclude evidence that was seized from his computer and that was the basis of the 10 charges in the other indictment. In that case, he also moved to allow evidence of the victim's prior sexual activity under OEC 412 (governing evidence of a victim's past sexual behavior). In the second case, he moved to dismiss the 10-count indictment on the ground of former jeopardy.

The analysis of the claims of error does not require a recitation of the facts of the crimes. It is sufficient to recite some of the history leading to the indictments. Defendant was arrested on the basis of an accusation of sexual contact with a girl under 12 years old, and was later indicted for that conduct. He was taken into custody, advised of his rights, and interviewed. When he asserted his right to have counsel present, the interview was discontinued. Later, at the request of

an officer, he gave written consent for the police to seize and search his personal computer.

The following day, the police performed a single examination of the contents of the computer. The examination revealed a large number of sexually explicit images involving young children. Defendant was indicted for 10 counts of encouraging child sexual abuse in the first degree, ORS 163.684. Each count was based on one of the images of child pornography found in the computer. The trial court later dismissed that indictment with prejudice because the state failed to comply with the court's discovery order.[1]

Approximately two months later, in a third indictment, defendant was charged with 10 counts of encouraging child sexual abuse in the *second* degree. ORS 163.686. That latter indictment is based on 10 different images taken from defendant's computer. Like the child pornography images used in the earlier 10-count indictment, the images supporting the counts in the latter 10-count indictment came from the single search of defendant's computer.

■ We first address defendant's assignment that the court erred by denying his motion to dismiss the second 10-count indictment on former jeopardy grounds. The motion was premised on several bases: ORS 131.515; Article I, section 12, of the Oregon Constitution; and the Fifth and Fourteenth Amendments to the United States Constitution.

As is our practice, we address the statutory basis for defendant's claim first. ORS 131.515 provides, in part:

"(1)   No person shall be prosecuted twice for the same offense.

"(2)   No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

---

[1] The state appealed the order of dismissal, but subsequently withdrew the appeal. The state does not cross-appeal here or otherwise challenge the dismissal with prejudice.

Essentially, that statute provides two different aspects of former jeopardy protection:

"Subsection (1) of that statute is consistent with the constitutional prohibition against former jeopardy contained in Article I, section 12, of the Oregon Constitution * * * and bars successive prosecutions for the same offense. Subsection (2) * * * provides *greater* protection for criminal defendants because it bars consecutive prosecutions not only for the same offense but also for all known charges arising out of the same criminal episode."

*State v. Lyons*, 161 Or App 355, 360, 985 P2d 204 (1999). (Citations omitted; emphasis in original.)

A necessary predicate to either source of protection in the statute is that there have been a previous prosecution. Defendant asserts that the dismissal with prejudice of the initial 10-count indictment was such a prosecution. The state does not respond or otherwise discuss the necessity of a previous prosecution. We might assume from the state's lack of argument that it accepts the dismissal as a "first prosecution" sufficient to trigger the analysis under ORS 131.515(2) and the constitutional provisions.

However, in applying a statute or a constitutional provision, we implicitly construe it, and we are loath to construe a statute or constitutional provision by making an assumption based on a default in argument. We accordingly address defendant's contention that there was a previous prosecution.

The essential argument asserted by defendant is encompassed in the following quote from his brief:

"ORS 131.505[(5)] states that a 'person is prosecuted for an offense when the person is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state * * *.' "

However, he does not quote or otherwise note a critical part of ORS 131.505(5):

"and when the action either:

"(a)   Terminates in a conviction upon a plea of guilty, except as provided in ORS 131.525(2);

"(b) Proceeds to the trial stage and the jury is impaneled and sworn; or

"(c) Proceeds to the trial stage when a judge is the trier of fact and the first witness is sworn."

None of those three outcomes occurred in this case. Consequently, defendant has not established that a previous prosecution has taken place.[2]

Nonetheless, defendant appears to argue that a dismissal of the indictment with prejudice is tantamount to an acquittal. Acquittal of charges in an indictment bars a subsequent prosecution for the dismissed charges, he notes. The two 10-count indictments at issue here involve the same offenses, defendant contends, because they involve the same activity—*i.e.*, downloading, storing, and viewing child pornography in a single activity. The fact that there were different images in the several counts, he argues, does not detract from the fact that the criminal activity was possession of photographs of children involved in sexually explicit conduct; and, despite the different photographs, the criminal conduct was the same.

We do not agree that the charges in the two indictments are the same. The dismissed indictment charged encouraging child abuse in the *first* degree, while the subsequent indictment charged that offense in the *second* degree. Each charging instrument involved a different group of images that was the basis for the individual charges.

As an alternative ground for reversal, defendant expands on his argument. After noting that a dismissal with prejudice bars a prosecution of the same offense, he interlaces that contention with the interdiction of ORS 131.515(2). That provision bars consecutive prosecutions for the same offense and also for all known charges arising out of the same criminal episode. From those two concepts, he argues that the dismissal with prejudice, whether or not it is considered a prosecution, bars the charges that were known and triable in the same venue: those in the second 10-count indictment.

---

[2] Defendant has the burden to establish all elements of his claim of former jeopardy. *State v. Knowles*, 289 Or 813, 822, 618 P2d 1245 (1980); *State v. Fore*, 185 Or App 712, 715, 62 P3d 400 (2003).

Defendant's argument under ORS 131.515(2) has essentially the same problem as his argument under the first subsection—defendant had not been "prosecuted for an offense" based on the first set of charges at the time the second set of charges were brought, *see* 214 Or App at 556-58 and, by extension, was therefore not "separately prosecuted for two or more offenses" for purposes of ORS 131.515(2). However, to the extent that defendant is arguing not so much that ORS 131.515(2), by its own terms, bars the prosecution but that the concept of ORS 131.515(2) is, in essence, embodied in the trial court's dismissal of the prior charges "with prejudice," defendant offers no support for a conclusion that the court intended its order to have such a broad effect. There is no basis for expanding the reach of that order to encompass charges that could have been pleaded, but were not, by applying an analysis similar to that of ORS 131.515(2) to a situation in which that statute, by its own terms, is not meant to apply.

What we have held in relation to defendant's statutory claim of "former jeopardy" applies equally to his defense under the state and federal constitutions. Jeopardy did not attach for the purposes of those constitutional bars by a pretrial dismissal with prejudice. *Crist v. Bretz*, 437 US 28, 35, 98 S Ct 2156, 57 L Ed 2d 24 (1978); *State v. Stover*, 271 Or 132, 140-41, 531 P2d 258 (1975). The court did not err by denying defendant's motion to dismiss the second 10-count indictment on any of the bases advanced.

■ The state moved, under ORS 132.560(2), to join the two remaining indictments for trial, and the court granted the motion over defendant's objection. Defendant then moved, pursuant to ORS 132.560(3), for separate trials. That motion was denied, and defendant contends that the trial court erred in both rulings.

Defendant first argues that the charges in the separate indictments did not meet the criteria for joinder specified in ORS 132.560(1)(b), which allows the trial court to consolidate charging instruments when the offenses are alleged to have been committed by the same person and are either (1) "[o]f the same or similar character;" (2) "[b]ased on the

same act or transaction;" or (3) "[b]ased on two or more transactions connected together or constituting parts of a common scheme or plan." *See* ORS 132.560(2) (allowing charging instruments to be consolidated when the criteria provided in ORS 132.560(1)(b) are met).

■ ■    Whether joinder of offenses for trial is allowable under ORS 132.560 is a matter of discretion, and we review for abuse of discretion. The availability of severance under ORS 132.560(3) as a remedy for prejudice that may develop permits ORS 132.560(2) to be construed broadly in favor of joinder. *State v. Staley*, 142 Or App 583, 589, 923 P2d 650 (1996), *rev den*, 324 Or 560 (1997); *State v. Parker*, 119 Or App 105, 107, 849 P2d 1157, *rev den*, 317 Or 584 (1993).

The trial court did not abuse its discretion by joining the indictments for trial. Both cases involved charges of the "same or similar character." Defendant was charged with sexual conduct toward a child under 12 years old in one indictment, and with encouraging child sexual abuse in the other. Additionally, the two cases are "connected together or constitut[e] parts of a common scheme or plan." ORS 132.560(1)(b)(C). The allegations are susceptible to the analysis that defendant's common scheme or plan was to arouse or gratify his sexual desires through the exploitation of young children.

Defendant argues that, even if joinder was proper, it was error to deny his motion for separate trials under ORS 132.560(3). Severance is appropriate only if it appears that defendant is "substantially prejudiced" by the joinder. ORS 132.560(3).

In *Warren v. Baldwin*, 140 Or App 318, 324, 915 P2d 1016, *rev den*, 324 Or 229 (1996), we explained that a trial court has discretion to deny severance if evidence of the joined offenses would be mutually admissible in separate trials, or if the evidence is sufficiently simple and distinct to mitigate the dangers created by joinder. The state concedes, and we agree, that, at the time of defendant's motion to sever, the evidence of the offenses would not be "mutually admissible." However, we also agree with the state that the evidence in the two cases is sufficiently simple and distinct that the trier of fact would have been able to separately consider the

charges. *See State v. McMinn*, 145 Or App 104, 107-08, 929 P2d 1009 (1996).

Defendant also argues that joinder of the indictments for trial substantially prejudiced him because he intended to testify only about the allegations in the 10-count indictment charging encouraging child sex abuse. The prejudice derives, he contends, from the fact that his 1989 conviction for sexual assault could be used to impeach him. That information, he argues, would have a "severe effect" on the jury's consideration of the charges involving sexual misconduct with the girl under 12 years old.

An instruction limiting the use of the impeaching evidence would reduce any prejudice below the statutory standard of substantial prejudice. When defendant moved to sever the charges, he had the responsibility to establish that joinder of the indictments would result in substantial prejudice to him. ORS 132.560(3). He has not made a showing of substantial prejudice to demonstrate that the trial court abused its discretion in denying the motion.

Defendant also moved in both cases to suppress evidence obtained as a result of seizure and search of his computer. His essential argument on appeal is that, under state and federal constitutional standards, his consent to search his computer was not voluntary. The trial court, in denying the motion, made no findings of particular facts, but concluded that "defendant gave consent to search, seize, and perform a forensic evaluation on his computer knowingly, intelligently, and voluntarily."

The facts surrounding the search of the computer and that underlie defendant's arguments are largely undisputed. Law enforcement agencies were investigating information that a young girl had been involved in sexual conduct with more than one adult male. There were allegations from the girl of sexual contact with defendant. While an officer was contacting defendant about the allegations, a Department of Human Services (DHS) worker and an Oregon State Police trooper went to defendant's home to check on his children and his wife. The trooper was aware that defendant's wife had serious medical problems. The trooper knocked on the door and, when there was no answer, the trooper and the

DHS worker opened the door. They contacted defendant's wife, and she consented to their entry. The trooper obtained defendant's wife's consent to seize defendant's computer.

Defendant was not at home. Law enforcement officers located him and took him into custody. He was advised of his constitutional rights, including the right to have an attorney present. He invoked his right to an attorney, and there was no questioning.

During the booking process, an officer asked defendant if he would "consent to a search of his computer." He explained to defendant that, "during a case of this nature we like to examine the data that was on a computer." He made it clear to defendant that he "didn't have to consent if he didn't want to." Defendant signed a written "consent to search" form. The officers subsequently performed a forensic examination of the contents of his computer and obtained a large number of images of child pornography that defendant sought to suppress.

At trial, defendant's principal argument on the motion was that his consent was not voluntary, because he was in custody and had invoked his right to counsel, and the request for consent violated his right to counsel. In *State v. Baumeister*, 80 Or App 626, 628-29, 723 P2d 1049, *rev den*, 302 Or 299 (1986), we rejected the argument that an officer was foreclosed from asking an accused for consent to search after the invocation of the right to counsel or to remain silent. *See also State v. Bradbury*, 80 Or App 613, 615, 723 P2d 1051, *rev den*, 302 Or 342 (1986).

On appeal, defendant accepts that body of law, but argues that his custody status, as well as his prior invocation of his right to counsel, are important factors in judging the voluntariness of his consent. Even considering those two identified facts as part of the totality of circumstances bearing on the issue, we conclude that the trial court's implicit finding that the consent was voluntary is supported by the evidence. Defendant's consent to seize and search his computer was valid.

The state argued at trial that defendant's wife's consent to seize the computer was an alternative basis to deny

the motion. On appeal, defendant argues that her consent was involuntary and, additionally, that she did not have authority to consent to seizure of defendant's computer. He seems to contend that her consent was unlawfully obtained and that that illegality infected the consent that the officer obtained from defendant. An argument of that nature was not made at trial. Because we conclude that defendant's consent was a valid basis for the seizure and search, we do not address defendant's contention about his wife's consent.

In the indictment charging 12 counts of sexual activity with a girl under 12 years old, defendant filed a motion *in limine*. It sought, among other things, exclusion of evidence of the child pornography images taken from defendant's computer. He contends that denial of the motion was error. The trial court ruled:

> "The court is allowing the case regarding Encouraging Child Sexual Abuse in the Second Degree in case number 04C48750 to be consolidated with this case. Both cases involve acts of the same or similar character, and are part of a common scheme or plan. Given that decision, the child pornography is admissible as it relates to the evidence in 04C48750. Any potential prejudice to the jury can be cured with a limiting instruction."

In light of our affirmance of the trial court's denial of defendant's motion for separate trials, the court's ruling on the motion to exclude evidence was not error.

■        In his remaining assignment of error, defendant contends that the trial court erred in denying his motion to offer evidence of the victim's prior sexual activity under OEC 412.[3]

---

[3] OEC 412 provides, in part:

"(1) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, or in a prosecution for an attempt to commit one of these crimes, the following evidence is not admissible:

"(a) Reputation or opinion evidence of the past sexual behavior of an alleged victim of the crime or a corroborating witness; or

"* * * * *

"(2) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, or in a prosecution for an attempt to commit one of these crimes, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:

"(a) Is admitted in accordance with subsection (4) of this section; and

The motion was made in the case involving sexual contact with a girl under 12 years old.

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim;

"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C) Is otherwise constitutionally required to be admitted.

"(3) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, or in a prosecution for an attempt to commit one of these crimes, evidence, other than reputation or opinion evidence, of the manner of dress of the alleged victim or a corroborating witness, presented by a person accused of committing the crime, is also not admissible, unless the evidence is:

"(a) Admitted in accordance with subsection (4) of this section; and

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim;

"(B) Is necessary to rebut or explain scientific, medical or testimonial evidence offered by the state;

"(C) Is necessary to establish the identity of the victim; or

"(D) Is otherwise constitutionally required to be admitted.

"(4)(a) If the person accused of committing rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse intends to offer evidence under subsection (2) or (3) of this section, the accused shall make a written motion to offer the evidence not later than 15 days before the date on which the trial in which the evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which the evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties, and on the alleged victim through the office of the prosecutor.

"(b) The motion described in paragraph (a) of this subsection shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subsection (2) or (3) of this section, the court shall order a hearing in camera to determine if the evidence is admissible. At the hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding ORS 40.030(2), if the relevancy of the evidence that the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in camera or at a subsequent hearing in camera scheduled for the same purpose, shall accept evidence on the issue of whether the condition of fact is fulfilled and shall determine the issue.

"(c) If the court determines on the basis of the hearing described in paragraph (b) of this subsection that the evidence the accused seeks to offer is relevant and that the probative value of the evidence outweighs the danger of unfair prejudice, the evidence shall be admissible in the trial to the extent an order made by the court specifies evidence that may be offered and areas with respect to which a witness may be examined or cross-examined. An order admitting evidence under this subsection may be appealed by the government before trial.

The offer of proof incorporated in the motion identified four items of evidence that defendant wished to offer:

(1)   The victim stated that she had been sexually abused by five different males, including defendant. One of the five she identified was "Uncle Clint." She disclosed the abuse by "Uncle Clint" and another person to numerous people, but did not similarly disclose defendant's activity.

(2)   The victim was examined after having made allegations against five males, and a normal exam was noted.

(3)   The victim was sexually aggressive with defendant's son and wore "skimpy outfits" to attract his attention.

(4)   The victim had, about two years earlier, sexually touched her cousin while staying with her aunt.

█      In addressing a motion under OEC 412, we have adopted a three-step analysis for the trial court to use. First, it must determine if the evidence concerns a victim's "past sexual behavior." If it does not, further inquiry is not appropriate under OEC 412. Second, if the evidence does concern past sexual behavior offered in the form of opinion or reputation, it is not admissible under OEC 412. If offered in any other form, the court must determine if the evidence fits within one of the exceptions in OEC 412(2)(b)(A), (B), or (C). *State v. Wright*, 97 Or App 401, 405, 776 P2d 1294, *rev den*, 308 Or 593 (1989).

The item of evidence identified as (2) above was withdrawn by defendant as rebuttal of anticipated medical evidence, OEC 412(2)(b)(B), because the state said it would not offer any medical evidence.

None of the proffered items of evidence was offered in the form of opinion or reputation; consequently, the pertinent inquiry is whether either remaining exception is applicable, *i.e.*, OEC 412(2)(b)(A) or (C). During argument on his motion, defendant indicated that he would offer evidence

"(5)  For purposes of this section:

"(a)  'In camera' means out of the presence of the public and the jury; and

"(b)  'Past sexual behavior' means sexual behavior other than the sexual behavior with respect to which rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse is alleged."

that the victim had moved to her grandmother's house located across the street from defendant's residence and, additionally, that she wanted to leave that residence and move back with her mother in Grants Pass.

Defendant postulated that the victim made up the accusations against him because (1) she wanted to deflect attention from Uncle Clint, who was suspected of again abusing her; (2) she wanted to facilitate the move back to her mother's home; and (3) she was mad at defendant for rebuking her sexual advances toward his son.

Although defendant's argument at trial and on appeal is somewhat more elaborate than our summary, the essence is that those items of evidence support an inference that the victim fabricated the accusations against him.

The scant evidence proffered by defendant of the victim's "past sexual behavior" may have some probative value to establish that the victim had a motive to fabricate and did so. However, the probative value of that evidence is outweighed by the danger of unfair prejudice. OEC 412(4)(c).

Defendant also argued that the evidence was admissible under OEC 412(2)(a)(C) as evidence that is "otherwise constitutionally required to be admitted." Aside from reciting a number of rights derived from the state and federal constitutions, defendant does not identify any particular basis for admission of the evidence. Because he has failed to articulate why the evidence should be admitted under OEC 412(2)(a)(C), we reject his constitutional claims.

In light of the purpose of OEC 412 to protect victims of sexual crimes from degrading and embarrassing disclosures of past conduct, we conclude that defendant's proffered evidence does not fit into the narrowly circumscribed exceptions to exclusion of such evidence. The trial court did not err in denying defendant's motion under OEC 412.

Affirmed.