Submitted September 30, 2015, affirmed December 21, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER ANDREW GRISMORE,
*Defendant-Appellant.*

Washington County Circuit Court
C121925CR, D115221M;
A155896 (Control), A155897

388 P3d 1144

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**EGAN, J.**

Defendant appeals a judgment of conviction for second-degree assault, ORS 163.175, unlawful use of a weapon, ORS 166.220(1)(a), and third-degree assault, ORS 163.165. He assigns error to the trial court's imposition of a $5,000 compensatory fine, contending that the fine does not reflect "economic damages" that the victim "necessarily incurred" at the time when the trial court imposed the fine. The state responds that the imposition of the compensatory fine was proper because the victim suffered economic damages when he received medical services, and those economic damages were recoverable by the victim in a civil action against defendant. We agree with the state, and, accordingly, we affirm.

The facts pertinent to the issue raised on appeal are undisputed. Defendant was convicted of the above-stated offenses based on an incident in which he hit the victim in the head with a baseball bat. The victim was taken to a hospital and treated for a broken nose, scratched cornea, and swollen eye. The victim's eyesight was damaged as a result of the injury, and he was unable to work. At the time of trial, the victim had been to the eye doctor about seven to eight times to treat his eye injury. The eye doctor was attempting to correct the victim's vision with hard contact lenses before resorting to surgery; however, the victim's vision was continuing to worsen.

At the sentencing hearing, the state requested restitution. The state also requested the imposition of a compensatory fine of not less than $3,000. The victim testified that he needed to continue going to the eye doctor; however, he was not sure how many more times or how much it would cost. He also testified that it was possible that he would need a cornea transplant, which would require him to take medication for the rest of his life.

The trial court imposed, among other things, restitution in the amount of $6,378.70 to cover the victim's medical expenses and a $5,000 compensatory fine payable to the victim. Defendant did not object to the trial court's imposition of restitution, however, defendant objected to

the imposition of the $5,000 compensatory fine. The trial court overruled defendant's objection and explained that the "$5,000 compensatory fine is strictly for *economic damages* based on [the victim's] representations that he's got future medical costs and he may have to eventually have an eye surgery of some nature."

On appeal, defendant renews his challenge to the trial court's imposition of the compensatory fine. Defendant contends that economic damages are "not guesswork" and that "the compensatory fine does not reflect damages that [the victim] 'necessarily incurred' at the time when the court imposed the fine," because the record did not reflect the cost of the potential medical treatment that the victim may need. The state responds that the compensatory fine statute "does not specify that the *amount* of the fine be based on or dictated by the civilly compensable injury, only that there has been a civilly compensable injury in the first place." The state argues that the trial court did not err in imposing the compensatory fine because the victim suffered economic damages that would have been compensable in a civil tort action against defendant, and "it is undisputed that the victim sustained *some amount* of economic damages—namely the medical expenses that he had already incurred at the time of the trial and sentencing." We agree with the state.

We review a trial court's imposition of a compensatory fine for legal error. *See State v. Neese*, 229 Or App 182, 184, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010) ("Whether a trial court erred in imposing a compensatory fine is a question of law.").

ORS 137.101, the compensatory fine statute, provides, in pertinent part:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which *the person injured by the act constituting the crime has a remedy by civil action*, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to *the injured victim* or victims, as directed

in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims.

"(2) Compensatory fines may be awarded in addition to restitution awarded under ORS 137.103 to 137.109."

(Emphases added.) "Thus, the compensatory fine statute comes into play only if the injured [victim] has a remedy by civil action for the injuries he or she suffered as a result of the crime." *State v. Haines*, 238 Or App 431, 435, 242 P3d 705 (2010). To be a "victim" under ORS 137.101, a person must have "suffered economic damages as a result of the offense." ORS 137.103(4)(a). "Economic damages," in turn, is defined by ORS 137.103(2), which incorporates the definition provided by ORS 31.710(2)(a). That statute provides, "'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services." ORS 31.710 (2)(a).

Defendant does not dispute that the injured victim has a remedy by civil action for the injuries that the victim suffered as a result of defendant's crime. Nor does defendant dispute that the victim received medical services for his injuries prior to sentencing. Instead, defendant argues that the compensatory fine does not reflect economic damages that the victim had "necessarily incurred" at the time that the trial court imposed the fine. Defendant appears to argue that the trial court erred in imposing the $5,000 compensatory fine based on the victim's future medical services, absent proof of the cost of those medical services.

This case is similar to *Haines*. In that case, the trial court imposed a compensatory fine to be disbursed to the victim's mother for costs of counseling attributable to the crime. 238 Or App at 433. The victim "had already attended counseling at the time of trial and planned to continue that treatment[.]" *Id.* at 437. However, there was "[n]o detailed information regarding the counseling, such as the costs or the frequency of sessions, [that] was offered into evidence." *Id.* at 434. Nonetheless, we concluded that the victim had suffered economic damages within the meaning of ORS

31.710(2)(a) because "the costs of that treatment are 'reasonable charges necessarily incurred for *** health care services'" and upheld the trial court's imposition of the compensatory fine against the defendant. *Id.* at 437.

Here, it is undisputed that the victim had received medical services at the time that the trial court imposed the compensatory fine. The victim was treated at the hospital and he had about seven to eight appointments with an eye doctor following the hospital visit. Additionally, the victim planned to continue medical treatment for his eye. Similar to *Haines*, it was unknown at the time of the sentencing hearing what specific medical services the victim would need and the costs that would follow. Because the costs of the medical services that the victim incurred at the time of trial and the victim's plan to continue those services are "reasonable charges necessarily incurred for medical[ and] hospital *** services," we conclude that the victim suffered "economic damages." ORS 37.710(2)(a).

Defendant's reliance on *State v. Donahue*, 165 Or App 143, 995 P2d 1202 (2000), is misplaced. In *Donahue*, the victim had not yet received any treatment at the time of sentencing. *Id.* at 145. However, the victim was scheduled to go to a counseling appointment in the future. The trial court expressly found that the victim had not suffered any pecuniary loss, yet imposed the compensatory fine. *Id.* In that case, we concluded that the trial court erred when it imposed the compensatory fine because the "mere fact that the victim was scheduled to go to a counseling appointment does not establish that she had incurred or would incur pecuniary harm." *Id.* at 146. In contrast, in this case, it is undisputed that the victim had received costly medical treatment at the time the trial court imposed the compensatory fine; thus, the victim suffered pecuniary loss. Consequently, defendant's argument that this case is like *Donahue* is unavailing.

Next, to the extent defendant argues that ORS 137.101, the compensatory fine statute, requires that the particular *amount* of future "economic damages" be proved to impose a compensatory fine, we reject that interpretation. When construing a statute, we examine the text and context, along with any relevant legislative history, to discern

the legislature's intention. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

Again, the text of ORS 137.101(1) provides, in part:

"Whenever the court imposes a fine as *penalty* for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay *any portion* of the fine separately to the clerk of the court as compensatory fines in the case."

(Emphases added.) ORS 137.101(1) specifies that the trial court may impose a fine as a "penalty," and that the court may order the defendant to pay "any portion" of the fine as a compensatory fine. The statute does not tie the *amount* of the compensatory fine to the amount of economic damages that a victim has suffered. In contrast, the restitution statute, ORS 137.106(1), provides that "the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a *specific amount that equals the full amount of the victim's economic damages* as determined by the court." The only requirements that must be met for a trial court to impose a compensatory fine are that the injured victim have "a remedy by civil action" for the injuries that he or she suffered as a result of defendant's crime and that punitive damages have not been previously decided in a civil case arising out of the same act and transaction. Those requirements were met in this case.

Therefore, we conclude that the trial court did not err in imposing a $5,000 compensatory fine.

Affirmed.