Submitted April 29, 2015, affirmed June 28, 2017

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**CLINTON REED ADAMS,**
*Defendant-Appellant.*

Washington County Circuit Court
C120045CR; A153434

400 P3d 947

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse and three counts of first-degree encouraging child sexual abuse and a supplemental judgment imposing a $5,000 compensatory fine. We write to address defendant's assignments of error to the trial court's denial of his demurrer and the imposition of the compensatory fine. As to those assignments, we affirm. We reject defendant's remaining two assignments of error without published discussion.

Defendant was charged in a single indictment with one count of first-degree sodomy, three counts of first-degree sexual abuse, and three counts of first-degree encouraging child sexual abuse. One week before trial, he demurred to the indictment on the ground that the sodomy and first-degree sexual abuse counts—which were based on his alleged abuse of a single victim—and the encouraging child sexual abuse counts—which were based on his alleged duplication of child pornography—were not properly joined in the indictment under ORS 132.560. *See State v. Poston*, 277 Or App 137, 144-45, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488 (2017) (holding that the basis for joinder of crimes must be alleged in the charging instrument "by alleging the basis for joinder in the language of the joinder statute or by alleging facts sufficient to establish compliance with the joinder statute"). The trial court denied the demurrer both on the ground that the demurrer was untimely and on the ground that, under *State v. Norkeveck*, 214 Or App 553, 560-61, 168 P3d 265 (2007), *rev den*, 344 Or 558 (2008), the charges could be joined as a common scheme or plan, and defendant would not be substantially prejudiced by trying the charges together.

Following the court's denial of his demurrer, defendant pleaded guilty to the three counts of encouraging child sexual abuse, and the balance of the charges were tried to a jury. The jury found defendant guilty of two counts of first-degree sexual abuse.

As part of sentencing, the court ordered defendant to pay a $5,000 compensatory fine to an identified victim

of one of the encouraging child sexual abuse counts. For the hearing, the state presented an exhibit packet for that victim that established the victim's economic damages of $977,241 for future mental health counseling, education and vocational counseling, and lost earnings. That packet included a victim-impact statement from the victim explaining how the continued sharing over the internet of the videos of her being sexually abused continues to injure her and to cause her economic damages. In imposing the compensatory fine, the trial court found that, when defendant downloaded and viewed the images, it caused a continued trauma to the victim and that the submitted exhibits established that she had economic damages as a result. With respect to the amount imposed, the court concluded that, if this were a civil case, a fair jury would return a verdict of about $5,000, and accordingly, the court imposed that amount as a compensatory fine.

We begin with defendant's contention that the trial court erred in denying his demurrer to the indictment. We review the denial of a demurrer to an indictment for legal error. *State v. Cervantes*, 232 Or App 567, 580, 223 P3d 425 (2009). Under ORS 135.610(1), "[t]he demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose." A trial court has discretion to allow a defendant to bring a demurrer "at such other time." *State v. Wimber*, 315 Or 103, 111-12, 843 P2d 424 (1992).

Here, defendant does not contend that his demurrer was timely under ORS 135.610(1); rather, he asserts that the trial court ultimately reconsidered denying his demurrer as untimely and, instead, clarified that it was denying the demurrer on its merits. We reject defendant's assertion. The trial court expressly denied defendant's demurrer on the basis that it was untimely *and* without merit, based on *Norkeveck*. On review of the record, we agree with the state that the trial court did not implicitly or explicitly reconsider or retract its decision to deny defendant's demurrer as untimely when it later clarified the reason that severance of the charges was not required under *Norkeveck*. Defendant does not argue that the trial court abused its discretion by

denying him the opportunity to file a demurrer one week before trial. Accordingly, we affirm the trial court's denial of defendant's demurrer as untimely and do not reach the merits of defendant's argument on the demurrer.

We turn to defendant's contention that the trial court erred in imposing a $5,000 compensatory fine. We review a trial court's imposition of a compensatory fine for legal error. *State v. Grismore*, 283 Or App 71, 73, 388 P3d 1144 (2016). The compensatory fine statute provides, in part:

"Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

ORS 137.101(1). "There are three prerequisites for ordering a compensatory fine under ORS 137.101: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *State v. Alonso*, 284 Or App 512, 516, 393 P3d 256 (2017). The state bears the burden of proving the three prerequisites. *Id.*

Defendant raises two arguments with respect to the compensatory fine. He first argues that the state failed to prove a causal relationship because there is no direct link between defendant's crime and the victim's damages. Defendant argues that, although the victim "describes how she has experienced problems based on knowing, in general, that people are viewing videos of her, she did not identify how knowing that defendant specifically has had access to her videos has affected her."

With regard to causation, we do not apply a "direct" causation standard. *Alonso*, 284 Or App at 518. Rather, we apply a "but-for" civil causation concept that is limited by

reasonable foreseeability, which is a factual question for the court. *Id.* at 518-19 (applying *State v. Ramos*, 358 Or 581, 368 P3d 446 (2016), which discussed causation for purposes of imposing restitution, to compensatory fines).

Here, in her victim-impact statement, the victim linked her established economic damages—future mental health counseling, educational and vocational counseling needs, and lost earnings—with the trauma, paranoia, and life disruptions she continues to experience as a result of the continued sharing on-line and viewing of the child pornography that depicts her being sexually abused. Defendant had downloaded and viewed a video of the victim being sexually abused, which is the very harm described by the victim in her impact statement. This is not a case in which the causation could be said to be tenuous or several steps removed from defendant's conduct—defendant, by downloading and viewing the video of the victim being sexually abused, directly contributed to the injury and damages that the victim continues to experience. Thus, the evidence does support the trial court's finding that defendant's criminal conduct caused the victim economic damages.

Defendant next argues that the trial court erred in imposing $5,000 as a compensatory fine because there is no evidence in the record that defendant caused the victim that specific amount of damages. We recently rejected in *Grismore* the argument that the specific amount of a compensatory fine must be proved as economic damages. In *Grismore*, we pointed out that "ORS 137.101(1) specifies that the trial court may impose a fine as a 'penalty,' and that the court may order the defendant to pay 'any portion' of the fine as a compensatory fine. The statute does not tie the *amount* of the compensatory fine to the amount of economic damages that a victim has suffered." 283 Or App at 76 (emphasis in original). We thus conclude that the trial court did not err in imposing $5,000 as a compensatory fine in this case.

Affirmed.