Submitted March 4; award of compensatory fine reversed, remanded for entry of amended judgment omitting compensatory fine, otherwise affirmed March 30, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN LEROY SELMER,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR01870; A175265

509 P3d 187

Bethany P. Flint, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Award of compensatory fine reversed; remanded for entry of amended judgment omitting compensatory fine; otherwise affirmed.

**PER CURIAM**

Defendant, who pleaded guilty to a wildlife violation for assisting another in hunting or possessing wildlife, ORS 498.002, appeals a judgment imposing a $3,000 compensatory fine. He asserts that a compensatory fine requires proof of economic damages and that a defendant's criminal activities caused those damages, but that the state proved neither in this case. The state concedes that on this record, it did not prove economic damages. Because we agree with the state, we reverse on that basis and do not reach defendant's causation argument.

Defendant assisted a friend in transporting a buck that the friend had shot out of season. The trial court agreed with the state that because wildlife is the property of the state, and ORS 496.705(2)(d) provides statutory damages for taking such an animal, the court could impose the compensatory fine. In *State v. Shockey*, 285 Or App 718, 720, 398 P3d 444, *modified on recons*, 287 Or App 236, 399 P3d 491 (2017), this court explained that ORS 496.705, which authorizes the Department of Fish and Wildlife to file a civil action to recover specified statutory damages for unlawful taking of various types of wildlife, did not "supply the values of wildlife for purposes of ORS 137.106," which provides for restitution in criminal cases. On reconsideration in *Shockey*, we agreed with the defendant that because there was no evidence the state had suffered any economic damages, the court was foreclosed from imposing either restitution or a compensatory fine. 287 Or App at 238. Although the parties correctly observe that unlike restitution, the amount of a compensatory fine is not tied to a specific amount of economic damages, nonetheless, some economic damages must be proven in order to support the award of a compensatory fine. *State v. Grismore*, 283 Or App 71, 76, 388 P3d 1144 (2016). No economic damages were proven in the present case.

Award of compensatory fine reversed; remanded for entry of amended judgment omitting compensatory fine; otherwise affirmed.