***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 6; award of restitution reversed, remanded for entry of
amended judgment omitting restitution award, otherwise affirmed
February 8; on respondent's petition for reconsideration filed February 17,
reconsideration allowed by opinion April 12, 2023
See 325 Or App 245 (2023) (nonprecedential memorandum opinion)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JODY ROBERT DEMERITT,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR25282; A176733

William A. Marshall, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Award of restitution reversed; remanded for entry of amended judgment omitting restitution award; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for taking wildlife in violation of wildlife law, ORS 498.002, arguing that the trial court erred in imposing restitution in the amount of $7,500, based on the civil penalty in that amount that can be assessed under ORS 496.705 for unlawful killing of wildlife. Defendant did not preserve his argument in the trial court but argues that this constitutes plain error and that this court should exercise its discretion to reverse the award. The state agrees that the award was plainly erroneous in light of our holding in *State v. Shockey*, 285 Or App 718, 726, 398 P3d 444, *adh'd to on recons*, 287 Or App 236, 399 P3d 491 (2017), and that the error should be corrected. We agree and accept the state's concession.

Defendant was convicted after a jury trial of violating ORS 498.002 for shooting and killing a four-point deer. At sentencing, the state asked the court to impose a fine under ORS 496.705(2)(D). Under ORS 137.106(1), a defendant may be ordered to pay restitution when convicted of a crime that "resulted in economic damages." ORS 496.705 allows the Department of Fish and Wildlife to bring a civil action for unlawful killing of wildlife and establishes that the amount of damages it can recover is, as pertinent here, $7,500 for "[e]ach deer with at least four points on one antler." ORS 496.705(2)(D). The court imposed the amount of $7,500 as restitution.

In *Shockey*, we concluded that "the legislature did not intend for the restitution statute to provide more broadly a mechanism for statutorily prescribed damages," noting that statutory damages "can serve purposes other than compensating solely for 'objectively verifiable monetary losses,' unlike the economic damages available under ORS 137.106." 285 Or App at 723 (citation omitted); *see also State v. Selmer*, 318 Or App 657, 658, 509 P3d 187 (2022) (extending *Shockey*'s rationale to award of compensatory fine because "some economic damages must be proven in order to support the award of a compensatory fine"). The error in this case qualifies as plain error because it is a legal error, it is apparent on the face of the record, and the legal point is not reasonably in dispute. *State v. Vanornum*, 354 Or 614, 629,

317 P3d 889 (2013). Given that the amount of the restitution award was substantial, we exercise discretion to correct the error and reverse the award of restitution. *See Shockey*, 287 Or App at 238.

Award of restitution reversed; remanded for entry of amended judgment omitting restitution award; otherwise affirmed.